ACCEPTED
01-14-00124-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/11/2015 3:40:26 PM
CHRISTOPHER PRINE
CLERK

## Appellate Cause No. 01-14-00124-CR/01-14-00125-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/11/2015 3:40:26 PM
CHRISTOPHER A. PRINE
Clerk

**In the Court of Appeals for the First Supreme Judicial District of Texas**

**At**

**Houston**

**Evan Stuart Fairbanks, Appellant**

**Vs.**

**State of Texas, Appellee**

**On Appeal from the 177th District Court of Harris County, Texas Trial Court Cause No. 1388074, 1388075**

**Motion for Rehearing**

**Connie B. Williams**
**1314 Texas, Suite 710**
**Houston, Texas 77002**
**713-225-3700**
**713-225-3140-Fax**
Cbw1710@hotmail.com
**TBN 21521500**

**ATTORNEY FOR APPELLANT**

1

Appellant files his motion for rehearing in these cases and relies on the following points.

## Point One

**The Court erred in finding Appellant "provides no authority supporting his contention that abatement to the Trial Court is appropriate."**

## Point Two

**The Court erred in finding "the Texas Court of Criminal Appeals has disavowed the practice for hearings on motions for new trial," under the specific facts of these cases.**

## ARGUMENT AND AUTHORITIES

## Point One

Appellant asserts Rule 43.6 TRAP as authority to abate these appeals.

Rule 43.6 TRAP provides:

"Other Orders

The Court of Appeals may take any other appropriate order that the law and the nature of the case requires."

Further Appellant asserts as authority the statement of the Court of Criminal Appeals in *Oldham v. State*, 977 S.W. 2d 354, 360 (Tex. Crim. App. 1998) quoted in argument under Point Two and by this reference fully incorporated into this argument under Point One.

The Court of Appeals fails to explain how Rule 43.6 TRAP, and the Court of Criminal Appeals statement in *Oldham v. State infra,* is **not** authority to abate the appeals under the specific facts of these cases.

The Court's reliance on *Jack v. State,* 149 S.W. 3d 119 (Tex. Crim. App. 2004) is misplaced.

The *Jack v. State,* trilogy, 42 S.W. 3d 291 (Tex. App. – Hou [1st Dist.] 2001); 64 S.W. 3d 694 (Tex. App. Hou [1st Dist.] 2002), and 149 S.W. 3d 119 (Tex. Crim. App. 2004) **disavowed this abatement of an appeal to allow the defendant the opportunity to rebut the rebuttable presumption that he was effectively represented by trial counsel when defendant let the 30 day period to file a motion for a new trial lapse without filing a motion.**

The Court of Criminal Appeals in *Jack v. State, supra,* albeit in *judicial dictum*, criticized the "double abatement" procedure used in *Jacks I* & II.

The facts in this case are clearly distinguishable from the facts in *Jack.* Here the Appellant was represented by counsel, timely filed a motion for new trial and was having a hearing on his motion for new trial.

The abatement sought in these cases is solely to obtain the testimony of trial counsel, and is not a general trolling for evidence, and does not establish a new appellate procedure.

Appellant is relying on Rule 43.6 TRAP in seeking the abatement of these cases.

The Texas Court of Criminal Appeals in *Oldham v. State,* 977 S.W. 2d 354 (Tex. Crim. App. 1998) states at page 360:

"… We should not be understood as restricting a court of appeals power to abate an appeal and remand a case under authority other than Rule 2(b). When judicial resources can be conserved in the interest of justice, we encourage the courts of appeals to adopt and continue to use methods for resolving issues **sooner rather than later** as long as such methods are legally endorsed …" (Emphasis Added).

The Court of Criminal Appeals in *Oldham v. State, supra,* at page 360 note 4 referenced an argument made in *Tuffiash v. State,* 878 S.W. 2d 197, 201 n 2. (Tex. App. – San Antonio 1994).

The reference note argument is apropos to Appellant's motion to abate and states:

"2. If there is merit to Appellant's contentions, hearing and granting a motion for new trial at this point is certainly more efficient than requiring this court of criminal appeals to consider an incomplete appeal, then requiring appellant to seek post-conviction relief (which again taxes the resources of the court of criminal appeals) to obtain a new trial many years from now. If there is no

4

merit to appellant's contentetion, it is also most efficient to establish that fact now and allow it to be raised on direct appeal following the denial of the motion for new trial. We stress that we take this position only in cases where the failure to raise the issue in a timely motion for new trial was not due to appellant's lack of diligence."

Again Appellant's motions to abate are sought under the authority of TRAP Rule 43.6 and **not** under Rule 2.

Abatement of these appeals is within both the letter and spirit of the *Oldham* mandate of "resolving issues sooner rather than later."

The Texas Supreme Court has held with respect to the appellate rules in *Lone Star Gas v. Railroad Conm'n,* 767 S.W. 2d 709, 710 (Tex. 1989) *(per curiam):*

"… The rules do mandate full consideration of all issues raised to move the case as far as possible toward final disposition…"

## PRAYER FOR RELIEF

Wherefore, Appellant prays that upon reconsideration, that the Court abate these appeals and remand these cases to the trial court and to direct the trial court to take whatever action it deems necessary or appropriate to have former trial counsel, *Jill Rekoff* appear and testify regarding Appellant's motion for new trial allegation of ineffective assistance of counsel.

5

Respectfully submitted,

/s/ Connie B. Williams
Connie B. Williams
1314 Texas, Suite 710
Houston, Texas 77002
713-225-3700
713-225-3140-Fax
TBN 21521500
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4(i) TRAP, I hereby certify that the foregoing

Motion for Reconsideration contain 981 words.

/s/ Connie B. Williams
Connie B. Williams

## CERTIFICATE OF SERVICE

This is to certify that on August 11, 2015, a true and correct copy of the

above and foregoing document was served on the District Attorney's Office, Harris

County, Texas by facsimile Transmission to 713-755-6865.

/s/ Connie B. Williams
Connie B. Williams